IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS SANGSTON,<br>    Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | )<br>)<br>)<br>)  Civil Action No. 04-1459<br>)<br>)<br>)<br>)<br>) |

JUDGMENT ORDER

This is an appeal from the final decision of the Commissioner denying plaintiff's claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff, Thomas Sangston, alleges that this case should be remanded to the administrative law judge ("ALJ") with instructions to properly evaluate the effect of plaintiff's substance abuse on his disability, in accordance with Social Security regulations and Social Security Administration policy statements. The parties have filed cross-motions for summary judgment on this issue.

Plaintiff argues that the ALJ erred in determining that his alcohol and drug addictions were material to the disability determination. Specifically, plaintiff alleges that the ALJ failed to engage in a three step sequential evaluation for disability determination when substance abuse is involved and

failed to follow agency policy directives regarding how to evaluate the materiality of plaintiff's substance abuse. Defendant contends that there is substantial evidence to support the ALJ's ultimate conclusion that plaintiff is not disabled under the Act. According to defendant, the ALJ properly evaluated and considered plaintiff's substance abuse in making his ultimate disability determination.

Where the Commissioner's[1] findings are supported by substantial evidence, we must affirm. <u>Richardson v. Perales</u>, 402 U.S. 389 (1971); <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1182 (3d Cir. 1992); <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988); <u>see</u> <u>also</u> <u>Welch v. Heckler</u>, 808 F.2d 264, 266-7 (3d Cir. 1988)(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal district court may neither reweigh the evidence, nor reverse the Administrative Law Judge merely because it would have decided the claim differently). Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the court concludes that substantial evidence supports the Commissioner's finding that plaintiff is not disabled.

---

[1] The ALJ's decision became the final decision of the Commissioner after the Appeals Council denied plaintiff's request for review.

The ALJ gave full and appropriate consideration to plaintiff's substance abuse in making the disability determination. In fact, the ALJ found that plaintiff's prevailing diagnosis was of a *substance-induced* mood disorder (emphasis added), as supported by extensive evidence of plaintiff's abuse of alcohol and cocaine. The ALJ rejected plaintiff's claims that he suffered from bi-polar disorder due to a complete lack of credible evidence. Under the circumstances, the ALJ committed no error of fact, or law, in evaluating the effect of plaintiff's substance abuse on his alleged disability. The decision of the ALJ denying plaintiff's application for disability insurance benefits and supplemental security income will be affirmed.

AND NOW, this 9th day of November, 2005, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that final judgment in this court is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure and the Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record